UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEBORAH M. POINDEXTER, ET AL.** | **CIVIL ACTION NO. 04-1035** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNITED STATES OF AMERICA., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is the Tensas Basin Levee District's ("Levee District's") appeal [Doc. No. 65] of Magistrate Judge Karen L. Hayes's Ruling [Doc. No. 58]. Having conducted a review of the entire record, the Court finds that, under the facts and circumstances of this case, Magistrate Judge Hayes's order was neither clearly erroneous nor contrary to law. Therefore, the Levee District's appeal [Doc. No. 65] is DENIED, and Magistrate Judge Hayes's Ruling is AFFIRMED.

**I.     Standard of Review**

Because the Levee District is appealing Magistrate Judge Hayes's Ruling on a non-dispositive pre-trial matter, this Court reviews her decision under a clearly erroneous or contrary to law standard. See Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1) (A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

**II.     Law and Analysis**

On August 29, 2008, the Levee District and Plaintiffs filed motions in limine to exclude

various expert opinions.  After <u>Daubert</u> hearings, Magistrate Judge Hayes issued a Ruling on the motions in limine. [Doc. No. 58].  In her Ruling, Magistrate Judge Hayes concluded that Dr. Sissom could offer reliable testimony about the type of warning signs that Defendants should have posted at the Big Creek weir.

The Levee District has appealed, arguing that all or some of Dr. Sissom's conclusions should be excluded because his opinion about the ideal sign assumes a fact that this Court concluded was untrue.

In his testimony, Dr. Sissom, after explaining the necessary components of warning signs, concluded that a proper sign at the Big Creek weir should state "danger, underwater obstruction 500 feet, hazardous undertow-turbulent water, keep off weir and riprap, failure to observe may cause *entrapment*/drowning."  (emphasis added).  According to this Court's prior decision, the entrapment risk was unknown to Defendants.  The Levee District, therefore, argues that Dr. Sissom's testimony about the ideal sign is irrelevant and unreliable because it assumes Defendants knew about the entrapment risk.

Although Dr. Sissom concluded that the ideal warning sign would inform readers about a risk unknown to Defendants, this fact alone does not render all Dr. Sissom's testimony about the ideal sign unreliable or irrelevant.  Dr. Sissom's testimony about the ideal sign still helps establish that Defendants feasibly could have (1) provided a warning sign, (2) warned about the turbulent water and undertow, and (3) emphasized the drowning danger.  Indeed, the evidence establishes that Defendants could have constructed a sign with everything on Dr. Sissom's ideal sign except the word "entrapment."

Instead of the Court excluding all or part of Dr. Sissom's testimony, Defendants,

assuming Dr. Sissom continues to mention the entrapment risk, can establish during the cross examination that they were unable to warn about the entrapment risk. If requested, the Court will also consider issuing an instruction to the jury explaining that Defendants cannot be held liable for failing to warn about the entrapment risk.

For the foregoing reasons, the Levee District's appeal [Doc. No. 65] is DENIED, and Magistrate Judge Hayes's Ruling is AFFIRMED.

MONROE, LOUISIANA this 9th day of April, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE