RECEIVED
IN MONROE, LA
JUL 1 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DEBORAH M. POINDEXTER, ET AL. | CIVIL ACTION NO. 04-1035 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES OF AMERICA, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

This is a wrongful death and survival action filed by Plaintiffs Marshall, Brandon, and Deborah Poindexter (collectively "the Plaintiffs"), the survivors of Thomas Poindexter who drowned at Big Creek, against the Defendants Board of Commissioners of the Tensas Basin Levee District ("Levee District") and the United States on behalf of the Army Corps of Engineers ("Corps") (collectively "Defendants"). The United States filed a Motion for Summary Judgment [Doc. No. 27] ("Discretionary Function Motion"), arguing that it is entitled to summary judgment because its actions were immune from liability under the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a).

Before the Court is a Report and Recommendation of the Magistrate Judge [Doc. No. 59], recommending that the Discretionary Functions Motion be granted. Plaintiffs have filed Objections to that Report and Recommendation, supplemental briefs in support of their Objections, and, at the Court's request, an additional supplemental brief. In their filings, Plaintiffs have argued that the United States' decision not to maintain signs at the Big Creek weir is not a decision protected by the discretionary functions exception.

In light of the new evidence presented to this court, the Fifth Circuit's intervening decision

in this case, and the new arguments raised in the supplemental briefing, the Court DECLINES to adopt the Magistrate Judge's Report and Recommendation.

Under the discretionary functions exception to the FTCA, the United States cannot be held liable if its conduct (1) involves an element of judgment or choice, and (2) is grounded on considerations of social, economic, or political public policy. Theriot v. United States, 245 F.3d 388, 397 (5th Cir. 1998) (quoting United States v. Gaubert, 499 U.S. 315, 322-24 (1991)). Government conduct does not involve an element of judgment or choice if the conduct is "specifically prescribe[d]" by "federal statute, regulation, or policy" because the United States has no rightful option but to adhere to its own directives. Id., 245 F.3d at 397.

The Court finds that there are genuine issues of material fact regarding whether the action taken by the Corps to transfer responsibility for maintenance of the signs was specifically prescribed by a federal policy, and whether, in the absence of such a policy, the person making the decision to transfer that responsibility, Charlie H. Caldwell, was vested with the discretion to make that decision. In addition, there is a genuine issue of fact as to whether the Levee District ever accepted the responsibility for maintaining the signs, and therefore, whether the Corps' action was sufficient to relieve it of the responsibility for the maintenance thereof.

These issues are better resolved following a full trial on the merits.

For the foregoing reasons, the Court DECLINES to adopt the Report and Recommendation [Doc. No. 59] and Defendants' Motion for Summary Judgment [Doc. No. 27] is DENIED.

MONROE, LOUISIANA, this 18 day of July, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2